W. E. TAYLOR, Clerk, etc., *v.* ISAAC VINCENT.

LIQUOR DEALERS TAX. The manufacturer of liquors, made of the produce of Tennessee, who sells the same in unbroken packages at his place of business, is not liable for the tax on dealers.

### FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin county.    J. J. WILLIAMS, J.

ATTORNEY-GENERAL LEA for Taylor.

ALBERT S. MARKS and —— BARTON for Vincent.

FREEMAN, J., delivered the opinion of the court.

This is an agreed case to test the question whether the defendant, Vincent, is liable to the privilege tax of $150, imposed by the revenue acts of 1881 and 1883.

The facts are that Vincent, living in Franklin county on his farm, owns a distillery, and distilled considerable quantities of whisky and some brandy in the years 1881, 1882 and 1883. This was produced from corn and fruit made mostly on his own farm by himself—part of it however was from corn and fruit purchased from his neighbors, the produce of their own farms and orchards. He sold the whisky in barrels, as put up at the distillery, to wholesale dealers in these articles at Nashville, and in one case sold these barrels to retail dealers in Winchester.

The question is whether Vincent on these facts is

liable to the privilege tax, as a wholesale dealer, under the act of Assembly referred to.

By the act of 1881, page 199, sec. 4, it is provided, "That the rate of taxation on the following privileges shall be as follows, etc.: wholesale liquor dealers, one hundred and fifty dollars, and taxed as other merchants." The revenue act of 1883 has the following on the subject: "Wholesale liquor dealers $150, and taxed as other merchants,"

If the defendant, being the manufacturer of the article sold, which is "manufactured of the product of the State," is a "wholesale liquor dealer" within the meaning of these acts, then he is liable to the tax sought to be recovered, but not otherwise. By the Constitution of 1870, which is the same as that of 1834, section 3: No article manfactured of the produce of this State shall be taxed otherwise than to pay inspection fees."

In the case of the State v. Crawford, McNut & Co., 2 Head, 461, by section 545 of the Code it was provided "that salt, sugar, coffee, spun cotton, garden seed, iron, and articles manufactured in this State, may be sold without paying a tax, but these articles are exempt in the hands of any person who sets himself up as a merchant or grocer." In the hands of merchants and grocers it was held these articles might be included in graduating the amount of payment fixed by the privilege, and that this was not a tax on the article in the sense of the Constitution, but upon the occupation. This has been the settled construction of the Constitutional provision from that day to this.

The writer of this opinion is bound to say, that as an original question, he would hold otherwise, and that the tax on the occupation of selling an article is as much a tax on the article as if laid in terms upon it. It goes into its cost to the merchant, and is of necessity charged to the customer who buys it, when imposed in this form, as effectually as when laid directly on the article. It is then equally a charge in the one case as the other on the article, and if so a tax on the article, whether we call it so or not. What we call a thing does not change its character, though it may serve to conceal or cover a purpose.

But inasmuch as this construction has been long acquiesced in, and has entered into all of our revenue legislation since, this court ought not and will not disturb it.

It would follow from this principle that a manufacturer of the article, if he engaged in the occupation of selling as a business, the articles manufactured by him, might be taxed for the privilege of doing so, as a tax on his occupation or as a privilege. The constitutional exemption is that " no article manufactured of the produce of the State shall be ·taxed otherwise than to pay inspection fees "—so it follows that if the privilege tax is not one on the article, but only on the occupation, it may equally be exacted of the manufacturer, who becomes a merchant, grocer, or dealer in the article, · as against a third party—so that, as we have said, the only question is whether the defendant is a "wholesale liquor dealer" within the meaning of the acts quoted.

Taylor *v.* Vincent.

It is assumed by the Attorney-General that this question was so decided at Knoxville at last term in the two cases of *John Webb* v. *The State*, 11 Lea, 662, and of *Webb* v. *Baird, Clerk, etc., Id.,* 667. The argument of the Chief Justice in the opinions referred to may admit of this assumption, but the opinions do not decide the question assumed, as will be seen from the facts of the case, as well as the points adjudged.

We have carefully considered the question, and our conclusion is, that a manufacturer who sells articles manufactured by him, the article being the product of the growth of the State, is not a dealer in such articles. That a manufacturer of whisky or other spirituous liquors, who sells from his place of manufacture in unbroken packages, or as a manufacturer, is not a wholesale dealer in whisky under our revenue laws.

We hold that a dealer is correctly defined by the Supreme Court of Pennsylvania in the case of *Commonwealth* v. *Campbell*, 9 Casey, 386, as a middleman between the manufacturer or the producer and the consumer, or as said by Judge Black in *Norris Bros.*, v. *Commonwealth*, 3 Casey, 495, "a dealer, in the popular acceptation or sense of the word, is not one who buys to keep, or makes to sell, but one who buys to *sell* again. He stands immediately between the producer and the consumer, and depends for his profits not upon the labor he bestows on his commodities, but on the skill and foresight with which he watches the markets." In other words, a manufacturer of an article from the raw material, though he sells the ar-

ticle thus manufactured in unbroken packages to dealers, is not a wholesale dealer under these revenue statutes.

The added clause, "and shall be taxed as other merchants," shows the Legislature had in mind wholesale merchants, men engaged in buying and selling as an occupation, and not the original manufacturer selling as in this case.

The result is, the judgment of the court below is affirmed.